## Joseph Adams Junior *versus* The Inhabitants of Carlisle.

In an action against a town for an injury sustained by the overturning of the plain-
tiff's carriage, on a highway in such town, the burden of proof is on the plaintiff
to show, that he was driving with ordinary skill and diligence at the time when
the accident happened.

This was an action on the case for damages sustained by
the plaintiff, by the overturning of his stagecoach on a highway
in the town of Carlisle, in consequence of alleged defects in
the highway.

At the trial, which was before *Morton* J., the jury were
instructed, that the burden of proof was upon the plaintiff, to
satisfy them beyond reasonable doubt, that the overturning of
the coach was caused by a defect in the highway, and not by
his own negligence, and for this purpose, to show that he was
using ordinary skill and diligence at the time when the accident
happened.

The jury returned a verdict for the defendants.   The plain-
tiff excepted to the instruction to the jury

If such instruction was erroneous, the Court were to grant a new trial ; otherwise judgment was to be rendered on the verdict.

*Adams v. Carlisle.*

*L. Williams,* for the plaintiff.

*Oct. 19th.*

*Nelson,* for the defendants, cited *Lane* v. *Crombie,* 12 Pick. 177 , *Howard* v. *North Bridgewater,* 16 Pick. 189 ; *Worster* v. *Proprietors of Canal Bridge,* 16 Pick. 541, 548 ; *Butterfield* v. *Forrester,* 11 East, 60 ; *Flower* v. *Adam,* 2 Taunt. 314.

SHAW C. J. delivered the opinion of the Court. In order to maintain an action against a town, upon the statute, for damage occasioned by want of repair in the highways, two things must concur ; first, that the highway was out of repair, and secondly, that the party complaining was driving with ordinary care and skill. Otherwise, although the way be out of repair, it would not follow that the plaintiff's loss was occasioned by it. *Lane* v. *Crombie,* 12 Pick. 177 ; *Smith* v. *Smith,* 2 Pick. 64. And such is the rule at common law. *Flower* v. *Adam,* 2 Taunt. 314 ; *Butterfield* v. *Forrester,* 11 East, 60. Such being the facts necessary to establish the plaintiff's case, the burden of proof is, of course, on the plaintiff to show, not only defects in the highway, but that he was free from negligence, or, in other words, using due care and skill. It is a very difficult question what kind and degree of evidence are sufficient to stand as *primâ facie* proof of this fact, and, in the absence of all controlling evidence, to establish it. That the person driving was commonly careful and skilful, that there was no apparent cause for the accident but the bad condition of the highway, the position in which the carriage was at the time, are all circumstances, upon which jurors may pass their judgment and infer that due skill and care were used. Circumstances arising out of the proof offered to show the nature of the accident and the cause of it, will generally be such as to enable a jury to judge satisfactorily, whether the carriage was driven with ordinary care and skill.

*Oct. 20th*

The Court are of opinion, that the burden of proof was upon the plaintiff, that the direction to this effect was right, and that there must be　　　*Judgment on the verdict.*